IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL P. McGILL,                                                                PLAINTIFF

               v.                          Civil No. 2:25-CV-02100-MEF

GOVERNOR SARAH HUCKABEE SANDERS,
Governor of Arkansas;
GEORGE McGILL,Mayor of Ft. Smith Arkansas;
CALEB WARD, Attorney at Law;
R. GUNNER DELAY, Circuit Court Judge Sebastian County;
ERIN ALLISON, Prosecutor Sebastian County;
DAN SHUE, Prosecutor Sebastian County;
SUSIE HASSKETT, Sebastian County Court Clerk;
TIM GRIFFEN, Attorney General for Arkansas;
CHRISTIAN SCHERRY, Public Defender; and
ERNIE WITT, Attorney at Law                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Michael P. McGill, a prisoner incarcerated at the Grimes Unit, Arkansas Department of Correction, has initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983 generally alleging that his constitutional rights were violated during his state court criminal proceedings. (ECF No. 1). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of a magistrate judge. *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically be reassigned to the Hon. Timothy L. Brooks, Chief United States District Judge, and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3). Upon that review, the undersigned RECOMMENDS that this matter be dismissed without prejudice for failure to

1

state a cognizable claim for relief.

## BACKGROUND

The events giving rise to Plaintiff's eight claims concern his state court criminal proceedings in Sebastian County, Arkansas.    First, Plaintiff alleges that on November 10, 2021, he was not timely arraigned on his state criminal charges.    He identifies Caleb Ward, Judge Gunner Delay, Erin Allison, Dan Shue, and Susie Hassett as defendants to this claim.    Second, he says that his appearance at his arraignment was waived without his knowledge or consent.    He identifies Caleb Ward, Judge Gunner Delay, Erin Allison, and Dan Shue as defendants to claim two.    Third, Plaintiff claims that Caleb Ward provided him with constitutionally defective assistance of trial counsel.

Fourth, Plaintiff claims that Defendant Ernie Witt provided him ineffective assistance of counsel because he failed to investigate the facts of his case, misrepresented the state's evidence against him, and used his daughter to convince him to plead guilty.    Fifth, he says that after he filed a habeas petition, Defendant Scherry lied to him, telling him that he had filed a motion to withdraw his plea, and now any motion for postconviction relief would be untimely.    Sixth, Plaintiff claims that court staff would conspire with Judge Delay to decide what, if any, documents were filed into his criminal case, violating his right to access to the courts.    Plaintiff identifies Defendants Hassett and Judge Delay as defendants to this claim.    Seventh, Plaintiff says that Defendant Judge Delay violated his constitutional rights during his state court criminal proceedings, conspired with prosecutors, lawyers, and court clerks to hide violations of his constitutional rights, and denied his motions without justification.    Finally, identifying Governor

Huckabee Sanders and Attorney General Griffin as defendants,[1] Plaintiff claims that the State of Arkansas failed to correct any of the constitutional violations that occurred during his criminal proceedings. Plaintiff identifies the defendants in their individual and official capacities. He requests that his conviction be overturned, his criminal record be expunged, that he be awarded $3,000 for each day he has been incarcerated, for his court costs, and for reimbursement for the loss of potential income.

Publicly accessible state court records show that on November 1, 2021, Plaintiff was charged by criminal Information with rape. *See State of Arkansas v. Michael McGill*, 66FCR-21-904 (Ark. Cir. Ct.) (AOC Court Connect), available at https://caseinfo.arcourts.gov/opad/case/66FCR-21-904 (last accessed Oct. 9, 2025).[2] Plaintiff pleaded guilty and was sentenced in April 2022 to 180 months imprisonment followed by a suspended imposition of sentence of 300 months. *See McGill v. State*, Case No. CR-24-301, 2025 WL 1336611, at *1 (Ark. May 8, 2025). Plaintiff subsequently filed a motion to correct his sentence on the grounds that his sentence is illegal, the state court denied that motion as untimely. *Id.* Plaintiff appealed, and the Arkansas Court of Appeals affirmed. *Id.*

## LEGAL STANDARD

Section 1915A of the Prison Litigation Reform Act requires the court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Pursuant to 28 U.S.C.

---

[1] Plaintiff incorrectly spells Attorney General Griffin's name in the case caption. The Court will use the correct spelling in this report and recommendation.

[2] The court may take judicial notice of public records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005).

3

§ 1915A(b), the court must dismiss a complaint (or any portion of it) if it contains claims that fail to state a claim upon which relief may be granted.   *See* 28 U.S.C. § 1915A(b).

A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."   *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).   However, "they still must allege sufficient facts to support the claims advanced."   *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983.   To establish a plausible § 1983 claim, a plaintiff must "allege a violation of a constitutional right committed by a person acting under color of state law."   *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006).   Upon review, there are several problems with Plaintiff's claims.

### A.    *Heck*-barred Claims (claims three, four, five, and eight)

As a threshold matter, at base, Plaintiff requests that his state criminal conviction and sentence be reversed and that his criminal record be expunged.   (ECF No. 1).   He requests money damages for every day he has—in his view—been unlawfully incarcerated.   *Id.*

A "§ 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."   *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).   Moreover, in *Heck v. Humphrey*, 512 U.S. 477 (1994),

4

the Supreme Court held that "if a judgment favorable to a prisoner in a § 1983 action would necessarily imply the invalidity of the prisoner's conviction or the length of the prisoner's sentence, then a § 1983 action for damages does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal writ."  *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).   Further, under *Heck*, courts "disregard the form of relief sought and instead look to the essence of the plaintiff's claims."  *Id.*

Plaintiff challenges the lawfulness of his conviction, claiming, for example, that he received ineffective assistance of counsel (claims three, four, and five), and that his state criminal proceeding violated his constitutional rights (claims seven and eight).   The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("[T]he right to counsel is the right to effective assistance of counsel."). Further, criminal defendants have a liberty interest "in obtaining a fair criminal proceeding before being denied [their] liberty in the most traditional sense."  *Wilson v. Laurence Cty.*, 260 F.3d 946, 956 n.8 (8th Cir. 2001) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

If this Court agreed that Plaintiff's trial counsel was ineffective and that his criminal proceedings were riddled with constitutional errors, and thus granted Plaintiff his requested relief, the Court would be declaring his conviction invalid.   This is exactly the result that *Heck* prohibits. Because Plaintiff has not provided any proof that his conviction or sentence has been declared invalid, *Heck* bars this Court from granting Plaintiff's request for relief.   Claims three, four, five, seven, and eight, should, therefore, be dismissed as barred by *Heck*.

## B.    Criminal Defense Attorney Defendants

Even if *Heck* did not bar Plaintiff's ineffective assistance of counsel claims (claims three, four, and five), Plaintiff's § 1983 claims against the defense attorney defendants (Caleb Ward, Christian Scherry, and Ernie Witt) nevertheless fail.

"Only state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). The defense attorney defendants—namely Caleb Ward, Christian Scherry, and Ernie Witt—are not state actors for the purposes of § 1983. *See, e.g.*, *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *see also Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (per curiam) (concluding that "[t]he attorneys who represented [the plaintiff], whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983") (citing *Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (per curiam) (same) (listing cases)).

This result does not change because Plaintiff identifies Defendant Scherry as a public defender—*i.e.*, a court-appointed criminal defense attorney. Indeed, a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Dodson*, 454 U.S. at 325 (1981). In this case, Plaintiff contends that Defendant Scherry incorrectly advised him that he had filed a motion to withdraw his plea, making his motions for post-conviction relief untimely (claim five). *See* Comp. at 8 (ECF No. 1). But providing legal advice is a function normally performed by an attorney, even if that advice turns out to be wrong or not entirely accurate.

To the extent that Plaintiff endeavors to satisfy the state actor requirement by claiming that the criminal defense attorney defendants engaged in a "civil conspiracy" with state actors to deprive him of his constitutional rights, Plaintiff's conspiracy claim does not cross the plausibility threshold. "[W]hen a civil conspiracy claim involves both state and private actors, the private party can be liable for conspiring with state officials if he was a willful participant in the conspiracy." *Tirado v. City of Minneapolis*, 521 F.Supp.3d 833, 845 (D. Minn. Feb. 22, 2021) (citing *White v. McKinley*, 519 F.3d 806, 816 (8th Cir. 2008)). In such instances, "a plaintiff must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor, and the mutual understanding must be about the unlawful objective of a conspiracy." *Id.* (internal quotations and citations omitted) (cleaned up).

In this case, Plaintiff asserts the existence of a conspiracy, but he fails to offer any specific facts giving rise to a plausible inference of a conspiracy. Plaintiff's repeated references to a "conspiracy" are simply conclusory. As such, they are not entitled to the presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Rather, to establish a conspiracy claim, a complaint must include "specific facts tending to show a meeting of the minds among the alleged conspirators." *Tirado*, 521 F.Supp.3d at 845 (quoting *Lawrence v. City of St. Paul*, 740 F.Supp.2d 1026, 1049 (D. Minn. 2010)). Plaintiff fails to supply any such facts in his Complaint. Plaintiff has, therefore, failed to assert a plausible § 1983 claim against the criminal defense attorney defendants (Caleb Ward, Ernie Witt, and Christina Scherry).

### C.    Governor Sanders and Attorney General Griffin

Similarly, even if *Heck* did not preclude Plaintiff's claims against Defendants Governor Sanders and Attorney General Griffin (claim eight), Plaintiff has failed to state a plausible § 1983 claim against these defendants.

Vicarious liability is inapplicable to § 1983 actions.  *Iqbal*, 556 U.S. at 676.  This means that neither Governor Sanders nor Attorney General Griffin is liable under § 1983 simply because they represent the State of Arkansas and Plaintiff believes that state actors violated his constitutional rights during his criminal proceedings.  Instead, to establish a § 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*  Here, Plaintiff asserts no facts describing what, specifically, these two Defendants did (or failed to do) in violation of his constitutional rights.  Plaintiff, therefore, has failed to establish a plausible claim for relief under § 1983 against Governor Sanders or Attorney General Griffin.

### D.    Judge Delay

Judicial officers, such as Judge Delay, are absolutely immune from civil suits seeking damages for their judicial acts.  *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991).  This immunity is subject to two very narrow exceptions: it does not extend to non-judicial acts or to actions taken in the complete absence of all jurisdiction.  *Id.* at 11–12.  Neither exception applies here.

Plaintiff clearly disagrees with Judge Delay's decisions, and he may even believe that those decisions were wrongly decided, or that Judge Delay acted with malice or in a manner unbecoming of a judicial officer in issuing them, but neither error nor malice deprives a judicial officer of immunity.  *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("[a] judge will not be deprived

of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . ..").   Further, he does not claim that any of those decisions (or Judge Delay's conduct throughout his criminal proceedings) was non-judicial.   And he does not claim that Judge Delay lacked jurisdiction over his criminal proceedings.   *See Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006) ("An official does not act outside her jurisdiction simply because she makes an unconstitutional or unlawful decision.").

To the extent, moreover, that Plaintiff requests injunctive or declaratory relief against Judge Delay, "[o]nly when a declaratory decree is violated or declaratory relief is unavailable would plaintiffs have an end-run around judicial immunity."   *Scheffler v. Trachy*, 821 F. App'x 648, 653 (8th Cir. 2020) (quoting *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 763 (8th Cir. 2019)).   Plaintiff does not claim that Judge Delay violated a declaratory decree, nor does he allege that declaratory relief was unavailable to him in state court.   Plaintiff's claims against Judge Delay are, therefore, barred by judicial immunity, including claim seven, even if claim seven were not otherwise barred by *Heck*.

### E.    Claims One, Two, and Six

Pursuant to *Heck*, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should proceed, in the absence of some other bar to the suit."   *Heck*, 512 U.S. at 487.   Arguably, therefore, *Heck* does not bar plaintiff's claims alleging that his first appearance was untimely (claim one), that his appearance was waived without his knowledge or consent (claim two), and that the clerk's office failed to file all his documents (claim six).   *See, e.g.*, *Jackson v. Muscatine Cty.*, No. 25-1712, No. 25-1714, No. 25-1716, 2025 WL 2826998, at *1 (8th Cir. Oct.

9

6, 2025) (per curiam) (concluding that a finding that plaintiff's rights were violated by the denial of a timely initial appearance would not necessarily imply the invalidity of the state court convictions). These claims should nevertheless be dismissed for failure to state a cognizable § 1983 claim.

With respect to these claims, Plaintiff identifies Caleb Ward (criminal defense attorney), Judge Gunner Delay, Erin Allison (prosecutor), Dan Shue (prosecutor), and Susie Hassert (Sebastian County court clerk) as defendants. (ECF No. 1). As described in detail above, Judge Delay is entitled to judicial immunity and Plaintiff has failed to assert a plausible § 1983 claim against Defendant Ward, a private party. This leaves the prosecutors—Defendants Allison and Shue—and Susie Hassert, a court clerk. These Defendants are also entitled to immunity.

### F.    Prosecutors Allison and Shue

Prosecutors "acting as advocate for the state in a criminal prosecution" are entitled to absolute immunity. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (citation omitted). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Id.* In determining whether absolute immunity applies, courts consider "the nature of the function performed, not the identity of the actor who performed it." *Id.*

As a threshold matter, Plaintiff asserts that the prosecutors (Allison and Shue) conspired to waive his appearance at an already untimely first appearance, but he asserts no facts describing that conspiracy or what, specifically, Defendants Allison and Shue did (or failed to do) to suggest that they participated in the decision to schedule his first appearance or to waive his appearance at

that hearing.    Accordingly, Plaintiff's § 1983 claims against Defendants Allison and Shue fail for

that reason alone.    *See Mayorga*, 442 F.3d at 1132 ("Liability under section 1983 requires a causal

link to, and direct responsibility for, the deprivation of rights.") (quoting *Madewell v. Roberts*, 909

F.2d 1203, 1208 (8th Cir. 1990)).

Defendants Allison and Shue, moreover, are immune from suit for "acts closely related [a

prosecutor's] role as an advocate for the state." *Brodnicki*, 75 F.3d at 1267.    Such acts include

the decision to initiate criminal charges, requests for hearing dates be continued, the arguments

prosecutors raise at bail hearings, and how prosecutors present the state's case.    *See Imbler v.*

*Pachtman*, 424 U.S. 409, 430-31 (1976) (concluding that absolute immunity applies to a

prosecutor's decision to initiate and pursue prosecution).    Thus, even if Plaintiff asserted facts

suggesting that Defendants Allison and Shue agreed to continue his first appearance, or did not

object to the waiver of his appearance at his first appearance, because this conduct is closely

associated with the prosecutor's role as an advocate for the state, they would nevertheless be

immune from suit.

### G.    Court Clerk Susie Hassett

Sebastian County Court Clerk Susie Hassett is also immune from suit.    It is well

established that "absolute immunity has been extended to acts that are discretionary, taken at the

direction of a judge, or taken according to court rules."    *Hamilton v. City of Hayti, Missouri*, 948

F.3d 921, 928 (8th Cir. 2020) (citation omitted).

Here, Plaintiff asserts that the court clerks would "conspire" with the judge to decide what,

if any, of his submissions would be filed.    *See* Comp. at 9 (ECF No. 1).    But Plaintiff asserts no

facts suggesting that Defendant Hassett herself was personally responsible for failing to docket

any of his submissions.   *See Iqbal*, 556 U.S. at 676.   In any event, even if Defendant Hassett were personally responsible for failing to docket his submissions as requested, Plaintiff concedes that his filings were not docketed *at the direction of the presiding judicial officer,* Defendant Judge Delay.   *See* Comp. at 9 (ECF No. 1).   Thus, because the court clerks operated at the direction of Judge Delay in deciding whether to docket Plaintiff's filings, the court clerks, Defendant Hassett included, should be immune from suit.   The claims against Defendant Hassett, therefore, should be dismissed on that basis.   There being no other defendants identified with any of the claims asserted in the Complaint, Plaintiff's Complaint should therefore be dismissed without prejudice for failure to state a cognizable claim for relief.[3]   *See* 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

In sum, having reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, it is RECOMMENDED that: (1) Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, *see* 28 U.S.C. § 1915A(b)(1); and (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[3] Notably, while Plaintiff identifies George McGill, Mayor of Ft. Smith, Arkansas, as a defendant to this action, *see* Comp. (ECF No. 1), he asserts no claims against him.   Put differently, aside from naming him as a defendant to this action, Plaintiff fails to assert any facts describing what Defendant McGill purportedly did (or failed to do) in violation of his constitutional rights. Accordingly, Plaintiff has also failed to assert a plausible claim for relief under § 1983 against Defendant Mayor McGill, as well.   *See Iqbal*, 556 U.S. at 676.

12

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

      **REFERRAL: No longer referred.**

      **DATED** this 14th day of October 2025.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE